IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20784

Summary Calendar

_____

BUCUR C. MOISESCU,

Plaintiff-Appellant,

versus

HARRIS COUNTY, TEXAS; HARRIS COUNTY SHERIFF'S
DEPARTMENT; C.W. McRAE; H.B. MANSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. H-95-CV-705

_____

April 2, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Bucur Moisescu appeals the district court's grant of summary judgment in favor of the defendants in this action based on 42 U.S.C. § 1983.  Pursuing the action <u>pro se</u>, Mr. Moisescu hints at several theories of recovery.  We find none viable and affirm.

Harris County officers jailed Mr. Moisescu after citing him for reckless driving.  At two hearings, the district judge explored the unusual circumstances surrounding the citation, which according to Mr. Moisescu involved a champion Romanian boxer and his drunken

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

friend, who threatened to kill Mr. Moisescu with a knife. The hearings also raised the possibility that officers impounded Mr. Moisescu's car as part of kick-back scheme arranged with towing companies. We do not need to unravel the truth behind Mr. Moisescu's tale in order to decide that summary judgment was appropriate.

Even if the sheriff's department is amenable to suit along with the county, see Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992), Mr. Moisescu cannot recover from either institutional defendant under § 1983. He has made no effort to present evidence of a policy or custom that caused a deprivation of his constitutional rights. See Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978); Grandstaff v. City of Borger, 767 F.2d 161, 169 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987). Nor can he recover on state-law theories of conspiracy or intentional infliction of emotional distress. Those causes of action are not subject to the waiver of sovereign immunity in the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (West 1986). See Taylor v. Gregg, 36 F.3d 453, 457 (5th Cir. 1994).

Mr. Moisescu has no cause of action against the individual officers. A theory based on malicious prosecution cannot surmount the fact that Mr. Moisescu did not obtain an acquittal on the reckless driving charge. Indeed, he agreed to pay a $150 fine and performed 30 hours of community service in exchange for a dismissal. See id. at 455-56. The same goes for a theory based on false arrest. Even if this theory can get around the bar in Heck

2

v. Humphrey, 512 U.S. 477, 486-87 (1994), against using a § 1983 claim to challenge the validity of a criminal prosecution, it cannot get around the fact that Mr. Moisescu acquiesced in "pretrial intervention." Mr. Moisescu cannot prevail on a false-arrest claim without offering summary judgment evidence that the officers accomplished the arrest by lying and that subsequent officials held him in reliance on those lies. See id. at 456-57.

Finally, Mr. Moisescu's reliance on the Americans with Disabilities Act is futile. He did not raise this statute at trial. Although he mentioned disabilities with respect to his hand and with respect to a psychological compulsiveness disorder before the district court, he did not mention the hearing problem or the "bi-polar disorder" that he raises in his appellate brief. a translator accompanied Mr. Moisescu at one hearing. At the other, he was accompanied by a person who spoke English as his primary language and spent time relaying Mr. Moisescu's story to the district court on Mr. Moisescu's behalf. Our review of the hearings indicates that Mr. Moisescu had no trouble hearing the judge and communicated with him in English with only minimal misunderstandings. We cannot say that this forfeited error seriously affected the fairness or integrity of the proceedings. See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1266 (1995).

Ordinarily, district courts should give parties "proper notice" that summary judgment might be entered against them. Fed.

3

R. Civ. P. 56(c).  Mr. Moisescu neglects to raise this issue.  In light of Mr. Moisescu's opportunity to gather evidence and his inability to demonstrate that he was likely to obtain relevant evidence, any error by the district court was harmless.  See RTC v. Sharif-Munir-Davidson Development Corp., 992 F.2d 1398, 1402-03 & n.7 (5th Cir. 1993).

AFFIRMED.